PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | CASE NO. 1:21-CR-521 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| TERRENCE L. JORDAN (1) | ) | |
| DAMARA SANDERS (2), | ) | **MEMORANDUM OF OPINION AND** |
| | ) | **ORDER** |
| Defendants. | ) | Resolving [ECF No. 65] |

Pending before the Court is Defendant Damara Sanders' Motion to Sever (ECF No. 65). Having heard argument of the parties, reviewed the record and applicable law, Defendant's motion is denied.

### I. Background

Defendant Terrence L. Jordan, and Defendant Damara Sanders were charged in an Indictment returned on July 14, 2021. Defendant Sanders was arraigned last, on August 3, 2021. The case arises out of a traffic stop during which Defendant Sanders was driving and Defendant Jordan was the passenger. Defendant Sanders seeks to sever her trial from Defendant Jordan's. During the Final Pretrial Hearing held on July 28, 2022, the Court heard argument. *See* Minutes July 28, 2022.

(1:21CR521)

## II. Standard of Review

A defendant properly joined in an indictment, in accordance with Federal Rule of Criminal Procedure 8, may seek an order granting a severance under Federal Rule of Criminal Procedure 14. Rule 14(a) states in relevant part:

> If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

As a general rule, Federal Rule of Criminal Procedure 14 is designed to give judges the authority to prevent mass trials. 1 § 224 Prejudicial Joinder of Defendants, 1A Fed. Prac. & Proc. Crim. § 224 (5th ed.). There is a strong preference, however, for joint trials in the federal system. *United States v. Gardiner*, 463 F.3d 445, 472 (6th Cir. 2006).

Once Defendants are properly joined, courts presume that defendants should be tried together unless to do so would be a miscarriage of justice. Courts should only grant severance if there is "a serious risk that a joint trial would compromise as specific trial right of one of the defendants or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539 (1993). The Sixth Circuit has ruled that "compelling, specific, and actual prejudice" is required to justify a severance. *United States v. Israel*, 662 Fed. Appx. 382, 388 (6th Cir 2016). Generalized allegations of prejudice are almost never sufficient to justify a severance. *Id*.

Even if there is such a risk, however, it is usually cured by less drastic measures such as limiting instructions rather than a severance. *United States v. Cody*, 498 F.3d 582, 588 (6th Cir. 2007). If, when aided by instruction, a jury can properly compartmentalize evidence as it relates

(1:21CR521)

to the appropriate defendants, a motion for severance should be denied. *United States v. Abegunde*, 841 Fed. Appx. 867 (6th Cir. 2021).

### III.    Analysis

Defendant Sanders argues that a severance is necessary for several reasons.  Defendant Sanders worries that a Confrontation Clause violation could stem from the admission into evidence a non-testifying co-defendant's statement; that her defenses and those of Defendant Jordan are antagonistic; and that there is admissible character evidence about Defendant Jordan that could prejudice Defendant Sanders.

### A. Confrontation Issue

Defendant Sanders argues that because there are statements (made by both defendants) that could be admitted into evidence, if neither defendant testifies, admission of such statements could create a confrontation clause issue.  Defendant Sanders relies on the Supreme Court's ruling in *Bruton v. United States*, 391 U.S. 123, 137 (1968) which held that the Confrontation Clause is violated by the introduction of an incriminating out-of-court statement by a non-testifying co-defendant.  *See also United States v. Ford*, 761 F.3d 641 (6th Cir. 2014).  Not all *Bruton* issues, however, require a severance.  The Sixth Circuit has ruled that *Bruton* does not bar the use of a redacted co-defendant's confession and that limiting instructions could be enough to cure the prejudice.  *United States v. Cobleigh*, 75 F.3d 242, 248 (6th Cir.1996).

Furthermore, *Bruton* stems from the Confrontation Clause, meaning that only statements which are testimonial trigger the protections under *Bruton*.  *See United States v. Johnson*, 581 F.3d 320, 324–26 (6th Cir. 2009)(describing how courts should look to whether the statement is testimonial before analyzing potential *Bruton* issues).  To determine whether a statement is testimonial the Court must determine if the declarant intended to bear testimony against the

3

(1:21CR521)

accused, by asking if a reasonable person in the declarant's position would anticipate his statement being used against the accused in investigating and prosecuting a crime. *Id*; *see also* United States v. Williams, 662 F. App'x 366, 375 (6th Cir. 2016). For recorded statements, it is important to consider whether a declarant knew that he was being recorded. *Johnson*, 581 F.3d at 325 (finding "[b]ecause declarant did not know that his statements were being recorded and because it was clear that he did not anticipate them being used in a criminal proceeding . . . they are not testimonial, and the Confrontation Clause does not apply.")

In the case at bar, Defendant Sander's *Bruton* concern is merely hypothetical. The only statement that has been identified is a recorded statement made while both defendants were in a police car outside of the hearing of officers. On the recording, one of the defendants mentioned that the other should "take one for the team." This statement is not testimonial because there is no evidence that the declarant intended to bear testimony against the accused, and there is no evidence that either defendant knew that they were being recorded at the time of the statement.

Moreover, there are no other identified testimonial statements because both defendants have maintained their innocence throughout the prosecution of this matter. Neither have not made any statements that would implicate *Bruton*. Therefore, this case does not present a risk of a *Bruton* issue. Also, Government's counsel has indicated that she does not intend to put forth any evidence that would run afoul of the requirements of *Bruton*.

## II. Antagonistic Defenses/Character Evidence Issue

Defendant Sanders argues antagonistic defenses as another justification for a severance. The risk of antagonistic defenses, alone, is insufficient for a severance. Zafiro, 506 U.S. at 538-39.("[m]utually antagonistic defenses are not prejudicial *per se*. Moreover, Rule 14 does not require severance even if prejudice is shown; rather, it leaves the tailoring of the relief to

4

(1:21CR521)

be granted, if any, to the district court's sound discretion."). Defendant Sanders must also show that the antagonism would prevent the jury from making a reliable decision. *Id*; United States v. Hang Le-Thy Tran, 433 F.3d 472, 478 (6th Cir. 2006)(discussing how conclusory statements that the jury's ability to render a fair and impartial verdict was "affected" was insufficient to require severance).

It is well settled law that just because the defendants may point "the finger" or blame each other during trial, a jury is not prevented from making a reliable decision. United States v. Vinson, 606 F.2d 149, 154 (6th Cir. 1979) (discussing how the mere fact that co-defendants attempt to blame each other does not compel severance); *see also* United States v. Fields, 763 F.3d 443, 457 (6th Cir. 2014)(explaining how hostility among defendants or the attempt of one defendant to save himself by implicating another is insufficient for severance). There usually must be some other circumstance that requires a severance. Defendant Sanders has not demonstrated how the antagonistic defenses will cause the jury to make an unreliable decision in this matter other than making a conclusory statement that the defenses are antagonistic.

Defendant Sanders also argues that bad "character evidence" [1] against Defendant Jordan could be used against her at trial. Specifically, Defendant Sanders argues that the felony underlying Defendant Jordan's felon-in-possession charge is highly inflammatory evidence of bad character and may prejudice Defendant Sanders in a way that would not occur in a split trial.

Although evidence that reflects poorly on the character of an accused that would not normally be admitted in trial can be a reason for a severance, that, however, is an extremely

---

[1] Technically, evidence of a prior crime used to sustain a felon-in-possession charge is not "character evidence."

5

(1:21CR521)

limited exception to the general rule.  See *United States v. Breinig,* 70 F.3d 850 (6th Cir. 1995) (establishing rule in a situation which a husband and wife were tried together for tax evasion, and the wife used the infidelities, and other bad acts of the husband as character evidence to establish her defense).  The facts in the case at bar are far from those in *Breinig*.  Also the prejudice in the case at bar, if any, can be cured by a limiting instruction, or a stipulation that does not reveal the nature of the underlying felony.  Defendant has directed the Count to no case demonstrating why a limiting instruction would not be sufficient in these circumstances.

Overall, Defendant has failed to make more than generalized allegations of prejudice, and has not demonstrated why prejudice, if any, would not be cured by a limiting instruction.  Defendant's showing is far from sufficient to overcome the strong preference for joint trials.

### IV.    Conclusion

Accordingly, Defendant Sanders' Motion to Sever (ECF No. 65) is denied.

IT IS SO ORDERED.

| August 2, 2022 | /s/ Benita Y. Pearson |
|---|---|
| Date | Benita Y. Pearson |
| | United States District Judge |